UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC ALLISON | No. 25 CR 50020<br><br>Judge Iain D. Johnston<br>Magistrate Judge Michael F. Iasparro |

**AGREED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "The Materials") are subject to this protective order and may be, subject to the restrictions provided in this order, used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. Furthermore, additional provisions of this Order provide for the application of and restrictions accompanying the designation by the government of some of The Materials as "**Confidential – Defendant May View But Not Possess**" (hereafter "Confidential Materials"), or "**Attorneys' Eyes Only**" (hereafter "Attorneys' Eyes-Only Materials"). The Materials without the "Confidential – Defendant May View But Not Possess" or "Attorneys' Eyes Only" designation are hereafter designated as "General Discovery Materials." In addition to being subject

to the restrictions imposed upon The Materials (which encompass General Discovery Materials, Confidential Materials, and Attorneys' Eyes-Only Materials) as provided for in this order, the Confidential Materials and Attorneys' Eyes-Only Materials are subject to the heightened restrictions provided for in this order.

### 1. The Materials

2. Defendant and defendant's counsel shall not disclose The Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of The Materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce The Materials except to provide copies of The Materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of The Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing The Materials to an authorized person, defendant's counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, The Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defendant's counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that The Materials are retained by defendant's counsel, the restrictions of this Order continue in effect for as long as The Materials are so maintained, and The Materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

## 2. Confidential Materials

8. In addition to the restrictions discussed above and applicable to The Materials, some of The Materials may also be designated by the United States as

3

"Confidential – Defendant May View But Not Possess." The Materials designated as "Confidential – Defendant May View But Not Possess" are subject to the restrictions applicable to The Materials and to heightened restrictions in accordance with this order. However, the Confidential Materials are not subject to the heightened restrictions applicable to the Attorneys' Eyes-Only Materials.

9. The government shall plainly mark the Confidential Materials as **"CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS"** prior to disclosure. If the Confidential Materials are produced in electronic format, the government shall segregate Confidential Materials from other discovery materials to the extent possible.

10. The heightened restrictions applicable to Confidential Materials shall apply to: 1) defendant and defendant's counsel, and 2) authorized persons.

11. Confidential Materials may be viewed, but not retained, by the defendant.

12. The government may designate and disclose as Confidential Materials: 1) non-privileged communications of the defendant; 2) communications between the Department of Justice, the Federal Bureau of Investigation, and the Federal Bureau of Prisons; 3) documents disclosing internal operations of the Federal Bureau of Prisons [here the Federal Correctional Institution located in Thomson, Illinois ("FCI Thomson")] relating to institutional security and/or safety; 4) documents containing information exempted from disclosure under the Freedom of Information Act;

4

5) documents disclosing sensitive, internal law enforcement operations or techniques; 6) documents containing information subject to the Health Insurance Portability and Accountability Act ("HIPAA"); 7) documents disclosing the Bureau of Prisons' sensitive deliberative process; 8) documents disclosing institutional adjustments of inmates; and 9) information protected by the Privacy Act of 1974.

13. This Order's heightened restrictions for Confidential Materials are not intended to interfere with or prevent defendant's counsel from building general institutional knowledge in preparation of the defense.

### Attorneys' Eyes-Only Materials

14. In addition to the restrictions discussed above and applicable to The Materials, some of The Materials may also be designated by the United States as "Attorneys' Eyes Only." The Materials designated as "Attorneys' Eyes Only" are subject to the restrictions applicable to The Materials and to heightened restrictions in accordance with this order. However, the Attorneys' Eyes-Only Materials are not subject to the heightened restrictions applicable to the Confidential Materials.

15. The government shall plainly mark the Attorneys' Eyes-Only Materials as "**ATTORNEYS' EYES ONLY**" prior to disclosure. If the Attorneys' Eyes-Only Materials are produced in electronic format, the government shall segregate Attorneys' Eyes-Only Materials from other discovery materials to the extent possible.

16. Neither the Attorneys' Eyes-Only Materials nor the information contained therein may be disclosed by defendant's counsel directly or indirectly to the

5

defendant. Attorneys' Eyes-Only Materials may be disclosed to persons or entities employed to assist in the defense of the defendant, but defendant's counsel must provide such persons and entities a copy of this Order in advance of receipt of Attorneys' Eyes-Only Materials and such persons and entities are subject to the restrictions of this Order placed upon the Attorneys' Eyes-Only Materials and in the same manner as if they were defendant's counsel, excluding that they are not authorized to further disclose Attorneys' Eyes-Only Materials. Disclosures by defendant's counsel of Attorneys' Eyes-Only Materials beyond these are not authorized without prior notice to the government and authorization from the Court.

**General Heightened Restrictions**

17. Copied or reproduced Confidential Materials and Attorneys' Eyes-Only Materials must retain the "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" or "ATTORNEYS' EYES ONLY" watermark, header or footer, respectively. Such copies and reproductions shall be treated in the same manner as the original materials.

18. Notes or records of any kind made in relation to the contents of the Confidential Materials or Attorneys' Eyes-Only Materials by defendant, defendant's counsel, or authorized persons, are to be treated in the same manner as the original materials.

19. At least three business days before publicly filing any Confidential Materials or Attorneys' Eyes-Only Materials, or quoting from or summarizing the

6

contents of the Confidential Materials or Attorneys' Eyes-Only Materials in a public filing, the defense will provide notice to the assigned Assistant United States Attorney(s) to allow the United States to seek redactions of such materials or request that such materials be filed under seal. This provision does not prevent the defense from filing Confidential Materials or Attorneys' Eyes-Only Materials under seal or quoting from or summarizing the contents of the Confidential Materials or Attorneys' Eyes-Only Materials in a submission made under seal.

20. Confidential Materials and Attorneys' Eyes-Only Materials filed in pretrial proceedings must be submitted with all original Confidential Materials or Attorneys Eyes-Only Materials watermarks, headers and footers.

21. A party may object to the designation of any of The Materials as Confidential Materials or Attorneys' Eyes-Only Materials.

    a. Upon an objection, the government and defendant's counsel shall first confer with each other regarding the objection and discuss the potential redesignation of some or all of such materials as General Discovery Materials (The Materials that are not Confidential Materials or Attorneys' Eyes-Only Materials).

    b. If, after conferring, the government and defendant's counsel reach an agreement as to the appropriate designation of certain materials, such agreement shall be memorialized in writing, and the government shall then reproduce such materials or a portion of such materials at issue without the "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" or "ATTORNEYS' EYES ONLY"

7

markings. The re-designation of any such Confidential Materials or Attorneys' Eyes-Only Materials will also result in the re-designation of any copies or reproductions of such materials, as well as any such notes or records of any kind made in relation to the contents of such re-designated materials.

        c.     If, after conferring, the government and defendant's counsel cannot reach an agreement as to the appropriate designation of certain materials, any objection to the designation of such materials shall be filed within the deadline for filing of pretrial motions, or no later than 10 days after receipt of discovery tendered after the motions filing deadline. Confidential Materials and Attorneys' Eyes-Only Materials subject to objection shall be filed under seal, consistent with the provisions of this Order.

22.    The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defendant's counsel in the use of discovery materials in judicial proceedings in this case, except as set forth in paragraph 19 of this Order.

23.    Watermarks, headers, footers, and other indicia identifying a document as "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" or "ATTORNEYS' EYES ONLY" must be removed from any trial exhibit before the exhibit is tendered to a witness and/or disclosed to a jury, and the government will cooperate with the defendant in the removal process prior to trial. Upon conclusion

of the proceedings before this Court, all exhibits subject to the heightened restrictions of this Order applied to the Confidential Materials or Attorneys' Eyes-Only Materials, shall be returned to the government and preserved as modified under this provision for the record on appeal.

24. Upon conclusion of all stages of this case, the Confidential Materials and Attorneys' Eyes-Only Materials and all copies, notes, or records thereof shall be disposed of in accordance with paragraph 6 of this Order. The Court may require a certification as to the disposition of such Confidential Materials or Attorneys' Eyes-Only Materials. In the event that the Confidential Materials or Attorneys' Eyes-Only Materials are retained by defendant's counsel, the restrictions of this Order continue in effect for as long as the Confidential Materials or Attorneys' Eyes-Only Materials are so maintained. However, defendant's counsel may retain only a single electronic copy of the Confidential Materials, and the digital file shall retain any original marks of "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" designated as subject to a protective order and maintained with this Order. The Confidential Materials and Attorneys' Eyes-Only Materials maintained by defendant's counsel must be clearly marked as such in counsel's files, and the Confidential Materials and Attorneys' Eyes-Only Materials may not be disseminated or used in connection with any other matter without further order of the Court.

25. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard,

and nothing contained in this Order shall ultimately preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
Magistrate Judge Iasparro
United States District Court
Northern District of Illinois

Date: July 2, 2025

Agreed and Jointly submitted by:

_____  July 2, 2025
PAUL GAZIANO               DATE
Attorney for Eric Allison

_____  July 2, 2025
JANA BRADY                 DATE
Assistant United States Attorney

10